**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

CELSO LAREDO MADRIGAL,             :
                                   :   Civ. Action No. 16-9415 (RMB)
            Plaintiff,             :
                                   :
       v.                          :        **OPINION**
                                   :
                                   :
LETICIA ZUNIGA, ESQ. and           :
J. DAVID ALCANTRA, ESQ.,           :
                                   :
            Defendants.            :
                                   :

**BUMB**, District Judge:

Plaintiff Celso Laredo Madrigal, a prisoner confined in South Woods State Prison, in Bridgeton, New Jersey, filed a civil rights action without paying the filing fee or submitting a complete application to proceed without prepayment of fees ("IFP application") under 28 U.S.C. § 1915(a). (Compl., ECF No. 1.)

The Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action in _forma_ _pauperis_. Under the Act, a prisoner bringing a civil action in _forma_ _pauperis_ must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The

1

prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. <u>Id.</u>

The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. A prisoner who is granted <u>in</u> <u>forma</u> <u>pauperis</u> status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee. If <u>in</u> <u>forma</u> <u>pauperis</u> status is denied, the prisoner must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

If the prisoner is granted <u>in</u> <u>forma</u> <u>pauperis</u> status, the prisoner must pay the full amount of the $350 filing fee. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee in installments, and

that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2)(B).  If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

After Plaintiff completes his IFP application by submitting his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint, if he chooses to do so, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.[1]

I. STANDARDS FOR A SUA SPONTE DISMISSAL

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint

---

[1] This Court's conclusive screening of Plaintiff's claims is reserved until he pays the filing fee or obtains in forma pauperis status. See Izquierdo v. New Jersey, 532 F. App'x 71, 72-73 (3d Cir. July 25, 2013) (district court may decide whether to dismiss the complaint under 28 U.S.C. § 1915(e)(2) after leave to proceed IFP is granted).

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint." Id. A court need not accept legal conclusions as true. Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002). A court must liberally construe a pro se complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

II.  DISCUSSION

4

A.   <u>The Complaint</u>

Plaintiff alleges the following in the Complaint. (ECF No. 1.)   In 2010 and 2011, he paid retainers to two attorneys, Leticia Zuniga and J. David Alcantra, and they did not adequately represent him in his criminal matter in New Jersey. Plaintiff arbitrated his claims before the Supreme Court of New Jersey District 1 Fee Arbitration Committee.   He received two Arbitration Determinations dated September 17, 2015.   (Exs. A and B, ECF No. 1.)

Plaintiff was awarded $5,000 against Attorney Leticia Zuniga.   (Ex. A, ECF No. 1-1 at 4.)   He was denied an award against J. David Alcantra.   (Ex. B., ECF No. 1-2 at 5.) Plaintiff did not receive payment from Zuniga.[2]

Plaintiff also seeks relief under 42 U.S.C. § 1983, based on his allegation that Zuniga and Alcantra provided inadequate representation.   Zuniga did not appear for two status conferences (ECF No. 1-1 at 8), and Alcantra failed to appeal (Ex. B, ECF No. 1-2 at 8.)   For relief, Plaintiff seeks $10,500.

B.   <u>Section 1983 claims</u>

---

[2] The Arbitration Determinations explained the next steps in the arbitration procedure, appeal and enforcement under New Jersey Court Rule 1:20A-3 and Rule 1:20-15(j), (k).   (Ex. A and B, ECF No. 1.)   It is not clear whether Plaintiff took any of these steps.

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255–56 (3d Cir. 1994).

C.   Inadequate Assistance of Counsel

"It is well established that defense attorneys, no matter whether they are privately retained, court-appointed, or employed as public defenders, do not act under color of state law." Deangelo v. Brady, 185 F. App'x 173, 175 (3d Cir. 2006) (citing Polk County v. Dodson, 454 U.S. 312, 318 (1981)). Therefore, Plaintiff's § 1983 claims against Zuniga and Alcantra

will be dismissed with prejudice for failure to state a claim because they are not state actors subject to liability under § 1983.

D.    Enforcement of Arbitration Decision

The Federal Arbitration Act does not create independent federal question jurisdiction. Goldman v. Citigroup Global Markets, Inc., 834 F.2d 242, 250 (3d Cir. 2016) (quoting Moses H. Cone Mem'l Hosp., v. Mercury Constr. Corp., 460 U.S. 1, 25 n. 32 (1983). The Complaint seeks enforcement of an arbitration award, a basic contract claim under state law. Plaintiff's claim does not have a basis in federal law. Further, the Court will not exercise supplemental jurisdiction over a state law claim where the alleged § 1983 claim must be dismissed because the defendants are not state actors. See 28 U.S.C. § 1367(c)(3) ("district courts may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.)

Diversity Jurisdiction may also provide a basis for federal court jurisdiction over a state law claim. 28 U.S.C. § 1332 provides, in relevant part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--

(1) citizens of different States;[3]

(2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

(b) Except when express provision therefor is otherwise made in a statute of the United States, where the plaintiff who files the case originally in the Federal courts is finally adjudged to be entitled to recover less than the sum or value of $75,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interest and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff.

---

[3]   For purposes of diversity jurisdiction, prisoners "presumptively retain their prior citizenship." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 247 (3d Cir. 2013) (citations omitted).   If Plaintiff resided in New Jersey before going to prison and if either defendant is also a citizen of New Jersey, there is no diversity of jurisdiction.   Lincoln Property Co. v. Roche, 546 U.S. 81, 89 (2005) (28 U.S.C. § 1332(a)(1) requires complete diversity between all plaintiffs and all defendants).

Plaintiff does not appear to meet the amount in controversy requirement.  On the face of the Complaint, this Court lacks jurisdiction to enforce Plaintiff's New Jersey Fee Arbitration Committee Determination.[4]  If Plaintiff chooses to complete his IFP application and reopen this matter, he may wish to file an Amended Complaint, if he can establish a basis for federal court jurisdiction.

III. CONCLUSION

The Court will administratively terminate this matter without prejudice, including the pending motion to appoint pro bono counsel, because Plaintiff failed submit a complete IFP application under 28 U.S.C. § 1915(a)(2).


An appropriate order follows.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: March 22, 2017

---

[4] The Court notes that New Jersey Court Rules 1:20A-3(e) and 1:20-15(k) govern enforcement of Plaintiff's arbitration awards, and require that the matter be referred to the director of the program. The director may make a motion to the Board, which, in turn, may recommend the attorney's suspension by the New Jersey Supreme Court until the award is paid.