**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| CELSO LAREDO MADRIGAL, | : | |
| | : | Civ. Action No. 16-9415 (RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| LETICIA ZUNIGA, ESQ. and | : | |
| J. DAVID ALCANTRA, ESQ., | : | |
| | : | |
| Defendants. | : | |

On December 21, 2016, Plaintiff, a prisoner incarcerated in South Woods State Prison, initiated this civil action by submitting a complaint. (Compl., ECF No. 1.) Plaintiff did not pay the filing fee or submit an application to proceed without prepayment of fees ("IFP application") pursuant to 28 U.S.C. § 1915. This Court, therefore, terminated the action, subject to reopening, upon Plaintiff's payment of the filing fee or submission of a properly completed IFP application. (ECF Nos. 3, 4.) This matter is before this Court upon Plaintiff's letter request for additional time to pay the filing fee. (ECF No. 5.)

The Court will grant Plaintiff's request for an extension of time, but Plaintiff should note that the Court pre-screened the Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), and found that Plaintiff failed to state a claim against Zuniga and

1

Alcantra because they are not state actors subject to liability under 42 U.S.C. § 1983. (Opinion, ECF No. 3 at 6-7.) Additionally, the Court found that it lacked jurisdiction over Plaintiff's state law claim for enforcement of an arbitration award. (Id. at 8-9.) If Plaintiff reopens this action by paying the filing fee or submitting an IFP application, but he cannot state a cognizable federal claim in an amended complaint, he will not get a refund of the filing fee. 28 U.S.C. § 1915(e)(2)(B)(ii) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . .")

**IT IS** therefore on this **27th** day of **April 2017,**

**ORDERED** that the Clerk shall reopen this matter; and it is further

**ORDERED** that Plaintiff's request for an extension of time to pay the filing fee or submit a properly completed IFP application, (ECF No. 5) is GRANTED; Plaintiff shall have 30 days from the date of this Order to pay the filing fee or submit a properly completed IFP application pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED** that the Clerk of the Court shall administratively terminate this case, Plaintiff is informed that administrative

termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, see Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); Dasilva v. Sheriff's Dept., 413 F. App'x 498, 502 (3rd Cir. 2011) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs …."); and it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete in forma pauperis application or payment of the filing and administrative fees within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge