**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| CELSO LAREDO MADRIGAL, | : | |
| | : | Civ. Action No. 16-9415 (RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| | : | |
| LETICIA ZUNIGA, ESQ. and | : | |
| J. DAVID ALCANTRA, ESQ., | : | |
| | : | |
| Defendants. | : | |
| | : | |

This matter comes before the Court upon Plaintiff Celso Laredo Madrigal's ("Plaintiff") submission of an application to proceed *in forma pauperis* ("IFP application.") (ECF No. 6.) Plaintiff, a prisoner confined in South Woods State Prison, in Bridgeton, New Jersey, filed this civil rights action on December 21, 2016, without paying the filing fee or submitting a complete application to proceed without prepayment of fees ("IFP application") pursuant to 28 U.S.C. § 1915(a). (Compl., ECF No. 1.)

On March 22, 2017, this Court pre-screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), as would be required if Plaintiff had filed an IFP application, and noted that Plaintiff failed to state a § 1983 claim against defendants because they are not state actors. (Opinion, ECF No. 3 at 6-7.) The Court

also found that the Federal Arbitration Act does not create independent federal question jurisdiction, and Plaintiff must seek enforcement of his arbitration award in state court, unless he could establish a basis for federal court jurisdiction. (Id. at 7-9.) The Court terminated this action on March 22, 2017, for failure to pay the filing fee or submit an IFP application, warning Plaintiff that if he sought to reopen this matter; he should file an amended complaint that establishes federal court jurisdiction and a viable claim for relief. (Opinion and Order, ECF Nos. 3, 4.)

Subsequent to termination of this matter without prejudice, Plaintiff submitted an IFP application; and several days later, he submitted a letter request seeking an extension of time to pay the filing fee. (ECF Nos. 6, 7.) Although he acknowledged that the requisite filing fee was $400.00 (Letter, ECF No. 5), Plaintiff submitted a payment of $5.00. Plaintiff did not submit an amended complaint.

Plaintiff's IFP application is deficient because he did not submit a certified copy of the trust fund account statement for the 6-month period immediately preceding the filing of the complaint, as required by 28 U.S.C. § 1915(a)(2). Plaintiff's payment of $5.00 is insufficient because the filing fee for a civil rights complaint is $350.00, and there is a $50.00 administrative fee. See 28 U.S.C. § 1914(a), (b).

Plaintiff should understand that even if he corrects the deficiency in his IFP application, which would allow the Court to collect the $350.00 filing fee from his prison trust account over time, or even if Plaintiff paid the full $400.00 filing fee, the Court would still dismiss the complaint because Plaintiff failed to state a viable claim for relief under 42 U.S.C. § 1983, and the Court lacks jurisdiction over a claim for enforcement of the arbitration award.  Unless Plaintiff files an amended complaint over which this Court has jurisdiction and includes a claim upon which relief may be granted, Plaintiff will pay the filing fee only to have the complaint conclusively dismissed.

**IT IS** therefore on this **6th** day of **July 2017,**

**ORDERED** that the Clerk of Court shall reopen this matter; and it is further

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 6) is denied without prejudice; and it is further

**ORDERED** that the Clerk of the Court shall return to Plaintiff his $5.00 filing fee; and it is further

**ORDERED** that the Clerk of the Court shall administratively terminate this action without filing the complaint; and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Room 1050, Camden, NJ 08101, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed *in forma pauperis* application, including a certified six-month prison account statement, **or** (2) the $400 fee including the $350 filing fee plus the $50 administrative fee; and Plaintiff is permitted to file an Amended Complaint, if he can establish federal court jurisdiction and state a viable claim for relief; and it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application or payment of the filing and administrative fees within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.


                                                      <u>s/Renée Marie Bumb</u>
                                                      RENÉE MARIE BUMB
                                                      United States District Judge