**NOT FOR PUBLICATION**

```
        IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW JERSEY
                  CAMDEN VICINAGE
```

| | | |
|---|---|---|
| CELSO LAREDO MADRIGAL, | : | |
| | : | Civ. Action No. 16-9415 (RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| | : | |
| LETICIA ZUNIGA, ESQ. and | : | |
| J. DAVID ALCANTRA, ESQ., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**BUMB**, District Judge:

**I.   BACKGROUND**

Plaintiff Celso Laredo Madrigal, a prisoner confined in South Woods State Prison, in Bridgeton, New Jersey, filed a civil rights action on December 21, 2016, without paying the filing fee or submitting a complete application to proceed without prepayment of fees ("IFP application") under 28 U.S.C. § 1915(a). (Compl., ECF No. 1.) The Court terminated the action, subject to reopening if Petitioner submitted either the filing fee or a properly completed IFP application. (Opinion and Order, ECF Nos. 3, 4.) Furthermore, the Court pre-screened the complaint under 28 U.S.C. § 1915(e)(2)(B) and found that Plaintiff failed to state a cognizable § 1983 claim, and the Court lacked jurisdiction over Plaintiff's claim to enforce an

arbitration award. (Id.) The Court permitted Plaintiff to reopen this matter upon filing a properly completed IFP application, and further permitted him to file an amended complaint if he could cure the jurisdictional defect in the original complaint. (Id.)

## II. DISCUSSION

Plaintiff has filed a properly completed IFP application, which establishes his eligibility to proceed without prepayment of fees under 28 U.S.C. § 1915. (IFP App., ECF No. 9). The Court grants Petitioner's IFP application.

Petitioner, however, has not filed an amended complaint that cures the jurisdictional defect in the complaint he filed on December 21, 2016. Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

The Court now adopts and incorporates by reference the March 22, 2017 Opinion as the conclusive screening opinion under §§ 1915(e)(2)(B) and 1915A(b). Plaintiff's § 1983 claims are dismissed with prejudice because defense attorneys are not "state actors" under 42 U.S.C. § 1983. Newton v. City of Wilmington, 676 F. App'x 106, (3d Cir. 2017) (citing Polk County v. Dodson, 454 U.S. 312, 325 (1981) (public defenders are not

state actors); Steward v. Meeker, 459 F.2d 669, 670 (3d Cir. 1972) (per curiam) (privately-retained defense counsel is not a state actor)).

The Court also lacks jurisdiction over Plaintiff's claim for enforcement of an arbitration decision by the New Jersey Fee Arbitration Committee because the Federal Arbitration Act does not create independent federal question jurisdiction. Goldman v. Citigroup Global Markets, Inc., 834 F.3d 242, 250 (3d Cir. 2016) (quoting Moses H. Cone Mem'l Hosp., v. Mercury Constr. Corp., 460 U.S. 1, 25 n. 32 (1983). Furthermore, there does not appear to be diversity of citizenship between the plaintiff and defendants, and the amount in controversy is not met. See 28 U.S.C. § 1332.

**III. CONCLUSION**

The Court grants Plaintiff's IFP application and dismisses the Complaint for failure to state a claim under § 1983, and lack of jurisdiction over Plaintiff's claim to enforce an arbitration award.

An appropriate order follows.

Dated: October 23, 2017

                                 s/Renée Marie Bumb
                                 **RENÉE MARIE BUMB**
                                 **United States District Judge**